UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES E. COLEMAN,

                    Petitioner,                    Case No. 2:18-cv-10805
                                                        Hon. Sean F. Cox

v.

J.A. TERRIS,

                    Respondent.
_____/

## **OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S PENDING MOTIONS [Dkts. 1, 7, and 8]**

Federal prisoner James E. Coleman ("Petitioner"), confined at the Federal Correctional Institution in Milan, Michigan, filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In 2007, Petitioner pled guilty to two counts of delivery of a controlled substance resulting in death. 21 U.S.C. § 841(a)(1). He was sentenced to concurrent prison terms of 365 months. Petitioner asserts in this action that in light of *Burrage v. United States*, 571 U.S. 204 (2014), he should not have been subject to the 20-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(C). For the reasons set forth below, the Court will deny the petition and deny Petitioner's pending motions.

### **I. Background**

Petitioner did not file a direct appeal from his conviction. On May 1, 2009, Petitioner filed a motion to vacate under 28 U.S.C. § 2255, raising claims not pertinent here. *United States v. Coleman*, No. 06-20483, Dkt. 36. The Court denied the motion and denied a certificate of appealability. *Id.*, Dkt. 56. On January 26, 2015, Petitioner filed a second motion to vacate, raising his *Burrage* claim. *Id.*, Dkt. 74. The Court transferred the motion to the Sixth Circuit because it

was a prohibited successive motion to vacate filed without authorization from the Court of Appeals. *Id.*, Dkt. 85. The Sixth Circuit declined to authorize the successive motion to vacate because *Burrage* did not announce a new rule of constitutional law and Petitioner did not identify any newly discovered facts to establish his actual innocence. *United States v. Coleman*, No. 15-1827 (6th Cir. Feb. 3, 2016) (citing 28 U.S.C. § 2255(h)).

Finding himself unable to raise his *Burrage* claim in a successive § 2255 proceeding, Petitioner filed the instant action pursuant to § 2241 via the "savings clause" of § 2255(e).

## II. Discussion

In general, a federal prisoner seeking to challenge the validity of his sentence must normally file a motion to vacate pursuant to § 2255 in the sentencing court. *See Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). Pursuant to the saving clause of § 2255, however, a prisoner may challenge the validity of his sentence under § 2241 in the court having jurisdiction over the prisoner's custodian, if the available remedy under § 2255 is inadequate or ineffective. *See* § 2255(e); *Wooten v. Cauley*, 677 F. 3d 303, 307 (6th Cir. 2012); *Charles*, 180 F.3d at 756.

Where a prisoner challenges a sentence enhancement based on a retroactive change in law, the § 2255 savings clause applies if a prisoner can demonstrate that his claim relies on: "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Hill v. Masters*, 836 F.3d 591, 595 (6th Cir. 2016) (citing *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1343 (11th Cir. 2013)). This is commonly referred to as the "*Hill* exception."

Respondent does not contest the first two *Hill* factors. *See* Dkt. 6, at 4. *Burrage* is a case of statutory interpretation that applies retroactively to cases on collateral review. *Hancock v. United States*, 2018 U.S. App. LEXIS 433, *4 (6th Cir. 2018). And *Burrage*, a 2014 case, was not available when Petitioner filed his first motion to vacate in 2009. Petitioner cannot satisfy the third *Hill* factor, however, because his *Burrage* claim is without merit.

Under *Burrage*, to sustain a "death results" conviction, the Government must prove "(i) knowing or intentional distribution of heroin, §841(a)(1), and (ii) death caused by ('resulting from') the use of that drug." *Burrage*, 571 U.S. at 210. To satisfy the second element, the Government must prove that use of the drug distributed by the defendant was "a but for cause of the victim's death." *United States v. Volkman*, 797 F.3d 377, 392 (6th Cir. 2015).

Petitioner's Rule 11 Plea Agreement stated in pertinent part:

> Count One: On or about May 24, 2006, in the City of Detroit, Eastern District of Michigan, Southern Division, defendant distributed a mixture or substance containing heroin and fentanyl to LAUREN JOLLY. Defendant was aware that the substance was a controlled substance and knowingly and intentionally distributed it. LAUREN JOLLY died of a drug overdose after ingesting the substance provided to her by defendant.
>
> Count Two: On or about May 18, 2006, in the in the City of Detroit, Eastern District of Michigan, Southern Division, defendant distributed a mixture or substance containing heroin and fentanyl to DANIEL MCELMURRY. Defendant was aware that the substance was a controlled substance and knowingly and intentionally provided it. DANIEL MCELMURRY died of a drug overdose after ingesting the substance provided to him by defendant.

*Coleman*, No. 06-20483, Dkt. 20, at 2-3.

Similarly, Petitioner testified at the plea hearing that he distributed heroin to the victims, and that they "died from it." *Id*. Dkt. 31, at 16-17, 18-19.

Accordingly, Petitioner admitted under oath at his plea proceeding to facts satisfying *Burrage*'s "death results" elements. He admitted that he knowingly and intentionally distributed a

controlled substance, and he admitted under oath that both victims died of drug overdoses after ingesting the substances provided by him - that his drug distribution was a but for cause of the victims' deaths.

Petitioner asserts that the plea transcript indicates that his belief that he provided the victims with heroin only, and he did not know that the substance was laced with fentanyl. Even if this assertion is true, the plea nevertheless satisfied the "death results" test in *Burrage*. It is enough that Petitioner admitted he knew the substance distributed contained heroin and that the distribution was a "but for cause" of the deaths. *Burrage* does not stand for the proposition that a defendant must know the precise chemical composition of a distributed controlled substance. Accordingly, Petitioner has failed to demonstrate entitlement to relief under § 2241.

### III. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief. Accordingly, the Court **DENIES** the petition for a writ of habeas corpus. Dkt. 1. The Court also **DENIES** Petitioner's pending motions as moot. Dkts. 7 and 8.

A certificate of appealability is not needed to appeal the dismissal of a habeas petition filed pursuant to 28 U.S.C. § 2241. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Therefore, Petitioner need not request one from this Court or the Sixth Circuit should he seek to appeal this decision.

**IT IS SO ORDERED**.

Dated: February 15, 2019              s/Sean F. Cox
                                      Sean F. Cox
                                      U. S. District Judge